IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE PRIEST,

        Plaintiff,                CIV S-06-0264 GEB KJM PS

    v.

COUNTY OF EL DORADO, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

        The motion to dismiss of defendant County of El Dorado and six individually named defendants ("County defendants") is pending before the court. Upon review of the documents in support and opposition and supplemental briefing, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff's complaint, less than one page in length, alleges claims for racketeering and conspiracy under 42 U.S.C. §§ 1983 and 1985 against the County of El Dorado and eight individuals. Six of the individuals are employees of the County of El Dorado and join in the pending motion; the other two individuals are judges. There are no factual allegations whatsoever against defendants Noren, Wilkes and Hammitt, and as such, they should be dismissed. With respect to the remaining moving defendants, their contention that the complaint fails to state a claim is correct.

To the extent plaintiff's brief allegation, that the conduct complained of is "reminesant [sic] of racketeering," can be construed as a reference to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), the complaint does not state a claim under that statute. Five elements comprise a civil RICO claim brought under § 1962(c): (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's 'business or property.' 18 U.S.C. §§ 1964(c), 1962(c). See Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). As a threshold matter, the complaint fails to allege defendants engaged in conduct constituting the operation or management of an enterprise. The facts alleged and those gleaned from plaintiff's opposition and supplemental briefing fail to demonstrate the requisite existence of an associated-in-fact enterprise, which has "an ascertainable structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity." Chang v. Chen, 80 F.3d 1293, 1295 (9th Cir.1996).

Moreover, a "pattern" does not exist, absent a continued threat of criminal activity. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989). Acts that relate to a single objective do not constitute a pattern. See Religious Technology Ctr. v. Wollersheim, 971 F.2d 364, 366-67 (9th Cir. 1992) (finding no threat of continuing activity beyond conclusion of state tort case when only goal of law firm defendants was successful prosecution of state case). Plaintiffs fail to allege conduct that either constitutes a continuing pattern of criminal activity or threatens such activity. See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir.1995). The conduct of the state court criminal prosecution complained of is not a continuing pattern of criminal activity. Neither the complaint nor the opposition and supplemental briefing by plaintiff set forth predicate acts sufficient to give rise to a RICO claim.

Plaintiff invokes 42 U.S.C. §§ 1983 and 1985 in the complaint, alleging a civil conspiracy. Plaintiff does not state a claim under either statute. Plaintiff's pleadings fail to meet the heightened pleading standard for conspiracy claims. Harris v. Roderick, 126 F.3d 1189,

1   1195 (9th Cir. 1997); see also Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621,
2   626 (9th Cir. 1988) (factual specificity pleading requirement under 42 U.S.C. § 1985).
3   Moreover, plaintiff fails to set forth any facts that defendants conspired to deprive plaintiff of
4   any constitutional right.  The complaint also does not allege the requisite racial or other class-
5   based discriminatory animus as required under 42 U.S.C. § 1985 and plaintiff's opposition fails
6   to address this deficiency.  For these reasons, the motion to dismiss should be granted without
7   leave to amend.
8           Two other defendants are named in this action, Superior Court Judges Phimister
9   and Proud.  As provided by Federal Rule of Civil Procedure 4(m), the court may dismiss an
10  action where service of summons is not made within 120 days after the filing of the complaint.
11  This action was filed in the Northern District of California on July 1, 2005 and transferred to this
12  district on February 6, 2006.  By order filed November 17, 2005 in the Northern District of
13  California, plaintiff was ordered to submit proof of adequate service no later than December 9,
14  2005.  By order filed February 6, 2006 in the Northern District of California, plaintiff was
15  afforded an additional thirty days to complete service of summons on the judicial defendants.
16  No proof of service has been filed reflecting such service.  In the order setting status conference,
17  filed February 8, 2006, plaintiff was cautioned that this action might be dismissed if service was
18  not timely completed.  Plaintiff has not yet served defendants Phimister and Proud with
19  summons and the action should therefore be dismissed against them for failure to effect timely
20  service.
21          Accordingly, IT IS HEREBY RECOMMENDED that:
22          1. The motion to dismiss of the County defendants be granted; and
23          2. This action be dismissed.
24          These findings and recommendations are submitted to the United States District
25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
26  after being served with these findings and recommendations, plaintiff may file written objections

1  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
2  and Recommendations."   The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).
5  DATED:  November 3, 2006.

U.S. MAGISTRATE JUDGE

006
priest.57